## Hays v. Sampson, Circuit Judge.

Nov. 20, 1942.

James M. Hays for appellant.

OPINION BY CHIEF JUSTICE PERRY—Dismissing Petition.

The plaintiff, James M. Hays, has here filed his original action, seeking a mandatory injunction against the honorable Flem D. Sampson, sitting as judge of the Knox

Circuit Court, requiring him to make a ruling either sustaining or overruling plaintiff's application for a receiver.

The record discloses that this instant summary proceeding arises out of the suit filed by the plaintiff, James M. Hays, in equity in the Knox circuit court against the Greasy Brush Coal Co., a Kentucky corporation, J. Smith Hays, William Hays and George W. Tye, the object of the proceeding being the appointment of a receiver for certain funds declared as dividends, according to defendants' statement, in the sum of $1,623.04, on 190 shares of the corporate stock of the corporation alleged owned by plaintiff since 1909, as same appears on the books of the company, and further asking that said receivership extend to several hundred dollars of accrued royalties and funds then in the hands of the said company and other funds accruing and to accrue from royalties paid by the said company's lessee from time to time; and that such receiver take over and collect the funds accrued and to accrue and make disposition thereof under the orders of the court in said action.

Following pleadings made up the issues, whereupon the court, after hearing the evidence introduced by the parties in support of their contentions, upon submission of the cause adjudged the facts to be as alleged in plaintiff's petition; that he was the owner of 190 shares of the capital stock in said corporation, as stated; and further by his judgment entered a mandatory order directing the personal defendants, officers and agents of the corporation, to pay to plaintiff forthwith the sum of $1,623.04 in dividends previously declared, but unpaid to the plaintiff, on the 190 shares of stock, together with such other dividends as might be declared from time to time and to be paid him as and when same were declared and paid on the like stock of other stockholders; and that if same were not done, plaintiff be awarded execution therefor. The judgment having so ordered, it concluded with the statement that "the court reserves for the present and does not decide the question of receivership for the Greasy Brush Coal Company pending the further proceedings in this case."

The defendants having failed to comply with this mandatory order, plaintiff filed notice and motion with the defendants, informing them that he would on March

move the court to modify and amend the judgment and sustain his application for a receiver, at least to the extent of $1,623.04, representing dividends declared by defendants on plaintiff's stock which they were mandatorily ordered to pay him.

The court having failed and declined to modify its judgment as moved, plaintiff filed this original action against Flem D. Sampson, Judge of the Knox Circuit Court, complaining that the action of the court in declining to act upon his motion by making either an order or ruling thereon, either appointing or refusing to appoint a receiver as requested by said motion, is arbitrary and amounts not only to a denial of justice to this plaintiff, but a denial of the opportunity of further seeking same by way of appeal to the Court of Appeals, the sole object of his action having been the appointment of a receiver as set forth therein, and that the relief granted by the judgment of the court as rendered is not adequate in any way.

Wherefore plaintiff prayed that this court make a mandatory order directing the Honorable Flem D. Sampson, Judge of the Knox Circuit Court in the 34th Judicial District of Kentucky, to enter judgment either granting or refusing to grant the appointment of a receiver in the aforesaid action.

Upon submission of the cause here for decision of the question presented as to the right of plaintiff to require some ruling by the defendant judge upon his motion as argued by plaintiff's brief, filed with his petition, it was shown that Judge Sampson had failed to file response thereto, by reason of which the court notified him that he was allowed ten days within which to file response.

No formal response was filed by Judge Sampson for the reason, assigned by him in a letter addressed to the court, that since the filing of this original action, seeking a mandatory injunction requiring him to make some ruling, either granting or refusing plaintiff's motion for a receiver, and prior to the submission of the cause for judgment, he had made a ruling on the question presented in the case of James M. Hays v. Greasy Brush Coal Co., a Kentucky Corporation, et al., denying the appointment of a receiver therefor.

The learned trial judge having thus ruled upon the question presented by plaintiff's petition, that he be mandatorily enjoined to make some ruling upon plaintiff's motion for a receiver, it follows that the question raised has become moot and for such reason and ground plaintiff's action is dismissed.